THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-00172-MW-MJF

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

RED HILLS JOURNALISM FOUNDATION
INC. d/b/a TALLAHASSEE REPORTS,

    Defendant.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Christopher Sadowski ("Plaintiff") hereby moves for entry of summary judgment against defendant Red Hills Journalism Foundation Inc. d/b/a Tallahassee Reports ("Defendant"), and states as follows:

## INTRODUCTION

This is a straightforward case of copyright infringement.  Plaintiff is a professional photographer who created a rare/valuable photograph of immigrants/migrants being secretly flown into an airport and loaded onto buses.  The photographs received nationwide attention, with Fox News paying Plaintiff $4,000.00 and $2,000.00 for one-time use thereof.  Defendant is a news publication that focuses on Tallahassee-related news.  Because he could not "afford" to use Plaintiff's photographs, Defendant's principal simply copied them from the NY Post's website and used them for his own news article about the same subject matter.  As there are no facts in dispute and the foregoing unequivocally constitutes copyright infringement, Plaintiff is entitled to summary judgment.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the *New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine*, and *People Magazine*.[1]

2. For the past nineteen (19) years, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition.[2]

3. Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord and renewal.[3]

4. Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.[4]

5. Plaintiff maintains a commercial website (http://www.csnyphoto.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.[5]

6. Plaintiff owns the photographs and serves as the licensing agent with respect to

---

[1] See Declaration of Christopher Sadowski, dated November 6, 2023 (the "Sadowski Decl."), a true and correct copy of which is attached hereto as Exhibit "A," at ¶ 3.

[2] Id. at ¶ 4.

[3] Id. at ¶ 5.

[4] Id. at ¶ 6.

[5] Id. at ¶ 7.

licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.[6]

7.      In 2021, Plaintiff created a professional photograph of migrants boarding a bus to be shuttled to group homes in New York, New Jersey and Connecticut titled "101521immigrants40CS" (the "<u>Work</u>").[7] A copy of the work is exhibited below:



8.      The Work was registered by Plaintiff with the Register of Copyrights on December 31, 2021 and was assigned Registration No. VA 2-288-279. A true and correct copy of the Certification of Registration pertaining to the Work is attached to the Complaint as Exhibit "A" thereto.[8]

9.      Plaintiff is the owner of the Work and has remained the owner at all times material

---

[6]   <u>Id.</u> at ¶ 8.

[7]   <u>Id.</u> at ¶ 9.

[8]   <u>Id.</u> at ¶ 10.

hereto.[9]

10. Plaintiff created the Work pursuant to a Freelance Photographer Independent Contractor Agreement with NYP Holdings, Inc. (the publisher of the New York Post). The New York Post does not pay Plaintiff to license individual photographs created as part of an assignment, but rather pays Plaintiff an all-inclusive rate for such assignments. Plaintiff retains full ownership of the photographs he creates and makes those photographs available to license to other media outlets and generally to the public.[10]

5. Plaintiff's recent licensing history with respect to the commercial use of his professional photographs include the following:[11]

| Date | Licensee | Description | Amount |
| --- | --- | --- | --- |
| 7/9/2020 | CBS Broadcasting | Michael Cohen photograph | $1,800.00 |
| 7/9/2020 | Fox News | Michael Cohen photograph | $2,100.00 |
| 10/20/2021 | Fox News | Immigrants arriving on plane | $2,000.00 |
| 10/21/2021 | Fox News | Immigrants arriving on plane | $4,000.00 |
| 10/05/2022 | Trend Micro Inc. | Home Depot Front | $2,000.00 |

11. The Work is extremely scarce and valuable. To capture the Work (together with other photographs of immigrants arriving on secret flights), Plaintiff had to situate himself at exactly the right place at exactly the right time (based on a tip from a confidential source) to capture a tremendously newsworthy series of photographs that received national attention.[12]

12. A Google Images search for "Biden immigrant secret flights" (https://www.google.com/search?q=biden+immigrant+secret+flights&sxsrf=ALiCzsYWbJDPcNI

---

[9] Id. at ¶ 11.

[10] Id. at ¶ 12.

[11] Id. at ¶ 13.

[12] Id. at ¶ 14.

36qngGok0sPAI2XV96g:1670717681667&source=lnms&tbm=isch&sa=X&ved=2ahUKEwj96r2vpPD7AhVCneAKHX5SD6gQ_AUoA3oECAEQBQ&biw=1201&bih=1280&dpr=1#imgrc=-9GXPK-ZoQNjdM) results in very few (if any) relevant photographs that were not captured by Plaintiff on that particular night.[13]

13. Defendant is a non-profit corporation that produced a news website (at https://tallahasseereports.com).[14]

14. On October 19, 2021 (within three months between first publication and Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website and Facebook page (at https://tallahasseereports.com/2021/10/19/new-york-post-mexico-u-s-border-migrants-resettled-in-big-bend-area/ and https://www.facebook.com/TallahasseeReports):[15]



---

[13]   Id. at ¶ 16.

[14]   See Deposition Transcript of Steve Stewart, dated October 9, 2023 (the "Stewart Tr."), a true and correct copy of which is attached hereto as Exhibit "B," at 6:9 – 6:11.

[15]   See Complaint, at Exhibit B thereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



15.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, Facebook page, or for any other purpose.[16]

## ARGUMENT

### I.     Legal Standard

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Essex Ins. Co. v. Barrett Moving & Storage, Inc., 885 F.3d 1292, 1299 (11th Cir. 2018) ("A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). An issue is "genuine" if a reasonable trier of fact, viewing all of

---

[16]     See Sadowski Decl., at ¶ 17.

the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

**II.  Plaintiff is Entitled to Partial Summary Judgment on Liability**

   *A.  Elements of Copyright Infringement*

The Complaint asserts a single claim against Defendant for copyright infringement with respect to its alleged unauthorized display of the Work. "To establish a prima facie case of copyright infringement, two elements must be proven: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" McPherson v. Seaduced, No. 8:14-cv-2315-T-33EAJ, 2015 U.S. Dist. LEXIS 52374, at *3 (M.D. Fla. Apr. 21, 2015) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991)).

   *B.  Ownership of a Valid Copyright*

With respect to the first element, a certificate of registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c). "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that the work in which the copyright claimed is unprotectable." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010). Here, it is undisputed that Plaintiff created the Work and registered it within five years of first publication. As a result, there is a presumption of a valid registration/protectable elements.

"Some minimal degree of creativity," or "the existence of ... intellectual production, of thought, and conception" is required for copyright protection. JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914–15 (7th Cir. 2007) (quoting Feist Publications, Inc, 499 U.S. at 362). "[T]he requisite level of creativity is *extremely low*; even a slight amount will suffice. The vast

majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." Feist Publ'ns, Inc., 499 U.S. at 345 (emphasis added). With respect to the creativity/originality of photographs, one court recently explained:

> Courts have found that photographs, even if taken partly for informative purposes, can still be creative. See, e.g., Balsley v. LFP, Inc., 691 F.3d 747, 760 (6th Cir. 2012) (finding that amateur photograph of a wet t-shirt contest had "a mixed nature of fact and creativity"); Kelly v. Arriba Soft Corp., 336 F.3d 811, 820 (9th Cir. 2003) ("Photographs that are meant to be viewed by the public for informative and aesthetic purposes . . . are generally creative in nature."). Even photographs of "mundane articles of furniture" have been found to have a creative nature for copyright purposes. See Ashley Furniture Indus., Inc. v. Am. Signature, Inc., No. 2:11-CV-427, 2014 WL 11320708, at *9 (S.D. Ohio 2014) ("although the copyrighted photographs at issue in this case depict comparatively mundane articles of furniture, they are at least as creative as the surreptitious grab shot at issue in Balsley.").

Maui Jim v. Smartbuy Guru Enters., 459 F. Supp. 3d 1058, 1102 (N.D. Ill. 2020). In that case, the court concluded that the photographs at issue (of Maui Jim sunglasses) were sufficiently creative to meet the minimum threshold: "although the 93 Photographs are mundane depictions of Maui Jim's sunglasses, we find that the process of creating those photographs necessarily included decisions about lighting, camera angle and distance, shadowing, and post-production editing. Additionally, creative judgment was necessarily exercised in selecting which photographs to use on Maui Jim's advertisements." Id.

Defendant cannot seriously dispute that the photograph at issue meet the minimum levels of creativity required for copyright registration. The photograph in extraordinarily rare, captured at night, and required a confidential source tip for Plaintiff to be in the right place at the right time to capture the event.

  C. ***Copying of Constituent Elements***

A prima facie case of copying is established from showing that a defendant had access to

the copyrighted work and that substantial similarities exist between the original and the infringing work. Dream Custom Homes, Inc. v. Modern Day Constr., Inc., 773 F. Supp. 2d 1288 (M.D. Fla. 2011). "Substantial similarity exists between the defendant's work and the protected aspects of the plaintiff's work when the copying at issue 'is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred.'" Hirsch v. CBS Broad. Inc., 2017 U.S. Dist. LEXIS 123468 (S.D.N.Y. Aug. 4, 2017) (quoting Ringgold v. Black Entm't Television, Inc., 126 F.3d 70, 75 (2d Cir. 1997)). "The qualitative component [of substantial similarity] concerns the copying of expression." Ringgold, 126 F.3d at 75. To determine the qualitative component, courts apply the "average lay observer" test. Hirsch, 2017 U.S. Dist. LEXIS 123468, at *8; Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 108-09 (2d Cir. 2001); Ringgold, 126 F.3d at 77.  Here, there is no question of substantial similarity because Defendant copied and displayed a duplicate copy of the Work for its own publication.

### D.     *Defendant has Not Raised Any Affirmative Defenses*

Defendant does not dispute that it published the Work or that it did not have permission to use the Work.  Nor has Defendant raised any actual affirmative defenses to Plaintiff's copyright infringement claim.  Indeed, the only defense raised is "failure to state a claim" which is not an actual affirmative defense but a mere denial.  See Goodwin v. Parsons, No. 3:12cv454/MCR/EMT, 2013 U.S. Dist. LEXIS 198583, at *7 (N.D. Fla. Feb. 26, 2013) ("Failure to state a claim is not an affirmative defense because it attacks the sufficiency of the plaintiff's claim instead of admitting the claim and setting forth an affirmative justification or avoidance; and in any event, no particular deficiencies are alleged."); Nutradose Labs, LLC v. Bio Dose Pharma, LLC, No. 22-cv-20780-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 92011, at *79 (S.D. Fla. May 25, 2023) ("Failure to state a claim is not an affirmative defense.").

Notably, Defendant during its October 9, 2023 deposition (which occurred 7 days prior to the close of discovery) testified repeatedly to its general understanding of a "fair use" defense as it relates to news reporting such as its website.[17]  Fair use, however, is an affirmative defense that must be raised in a party's pleading.  See, e.g. 3Lions Publ'g, Inc. v. Scriptnetics, LLC, No. 8:14-cv-1210-T-30TBM, 2015 U.S. Dist. LEXIS 83385, at *10 (M.D. Fla. June 26, 2015) ("Fair use is an affirmative defense to a claim of copyright infringement."); Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) ("[T]he fair use of copyrighted work is an affirmative defense and should be pleaded as such.");  Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1259 (11th Cir. 2014) ("[B]ecause fair use is an affirmative defense, its proponent bears the burden of proof in demonstrating that it applies."). Given that Defendant did not plead fair use, it is not entitled to the defense.

### E.     Damages[18]

#### 1.     Actual Damages

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010). The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. Id. at *15.

The Work (together with other photographs captured the same night by Plaintiff) captured

---

[17]     See Stewart Tr., at 11:3 – 11:6; 17:25 – 19:23; 23:20 – 24:1.

[18]     Given that willfulness is generally an issue of fact, Plaintiff does not move for a finding of willfulness for purposes of this Motion.

dozens of immigrants being secretly transported and flown into New York. The photographs were utilized by the New York Post (in addition to various other captured by Plaintiff) in an article titled "Biden secretly flying underage migrants into NY in dead of night" (https://nypost.com/2021/10/18/biden-secretly-flying-underage-migrants-into-ny-in-dead-of-night/) that received national print and television coverage. Plaintiff is credited in the article as the author of the Work. Plaintiff's photographs from that particular night were so valuable that Fox News (as evidenced above) paid Plaintiff $4,000.00 and $2,000.00 for a *one-time* use of the photographs.

Based on Plaintiff's normal licensing rates and the type of use at issue here (online publication), Plaintiff would have licensed the Work to Defendant for, at minimum, a $3,000.00 annual license fee. Because Defendant displayed the Work from at least October 2021 through at least March 2022, Defendant would owe Plaintiff at least 1x annual licensing fees (as Plaintiff does not prorate his work) in a total amount of **$3,000.00**.

Plaintiff further declared that the licensing fees alone do not take into contemplation the scarcity of the Work, which also increases its value in this case. A scarce image typically demands a much higher fee than common image. In this case, Plaintiff situated himself in the right place at the right time (based on a tip from a confidential source) to capture a tremendously newsworthy series of photographs that received national attention. The photographs that Plaintiff captured are scarce and cannot be recreated.

Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) is instructive with respect to calculation of Plaintiff's actual damages:

> Corson believes that the scarcity of this work should also be considered in this Court's evaluation. Corson employed several

>techniques that she perfected over her career including: "professional strobe lighting to give the photos a polished, yet natural look. Most images were shot on a tripod with custom lighting setups that [Corson's] years of experience shooting homes and interiors has allowed [her] to execute with precision and speed. Selecting the proper lenses and aligning the camera properly is crucial to high-end architectural photography." ECF No. [12-2] at 3. Corson "then spent 2 working days processing the approximately 400 photographs using [her] proprietary adjustments to color, contract, levels, etc.; selected [her] favorites; made individual adjustments to those 92 files; then submitted them along with dozens of video clips to [her] editor." *Id.* The Court finds Corson's request for a scarcity multiplier of four is appropriate to reflect the fair market value of Corson's Work. *See Affordable Aerial Photography, Inc. v. VisitWPB.Com, Inc.*, No. 17-CV-81306-BB, 2018 U.S. Dist. LEXIS 227389, 2018 WL 6519104, at *2 (S.D. Fla. April 23, 2018) (J. Bloom) (applying a scarcity multiplier of six to an infringed work of photography); *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a multiplier of three to five times the benchmark because of the scarcity factor of a stem cell image). Therefore, Corson's actual damages are $19,200.00 (the licensing fee over two years times a scarcity multiplier of four).

Following Corson, Plaintiff's actual damages are calculated by multiplying the lost licensing amount ($3,000.00) by the relevant scarcity multiplier. Given the uniqueness and scarcity of the Work, Plaintiff submits that a scarcity multiplier of 5x is appropriate here. See, e.g., Affordable Aerial Photography, Inc. v. VisitWPB.Com, Inc., No. 17-CV-81306-BB, 2018 WL 6519104, at *3 (S.D. Fla. Apr. 23, 2018) (awarding $54,000 in statutory damages after applying scarcity multiplier of six to licensing fee and multiplier of three due to defendant's willfulness); Ermert v. Boca Dental Supply, LLC, No. 18-81666-CV-MIDDLEBROOKS, 2019 U.S. Dist. LEXIS 226572, at *6-7 (S.D. Fla. Mar. 29, 2019) ("I find that Plaintiff's request to apply a scarcity multiplier of five is appropriate to reflect the photograph's fair market value."), and Reiffer v. Legendary Journeys, Inc., No. 8:17-cv-2748-T-35AAS, 2019 U.S. Dist. LEXIS 62401, at *9 (M.D. Fla. Apr. 10, 2019 ("[A] scarcity multiplier of five accounts for revenue lost as a result of Legendary Journeys'

12
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

unauthorized use of Mr. Reiffer's Sydney Opera House work."). This would result in actual damages of **$15,000.00**.

Notably, at least one court in the Southern District of Florida recently agreed with Plaintiff's actual/statutory damages calculations in a similar case involving publication of several photographs from Plaintiff's series on immigrants/migrants being transported on secret flights. In Sadowski v. Diverse New Media Corp, No. 22-61380-CIV, 2023 U.S. Dist. LEXIS 21791 (S.D. Fla. Jan. 13, 2023), Judge Singhal found the photographs to be sufficiently scarce to apply the requested multiplier (thus finding $15,000.00 in actual damages for a less-than-one-year use) and then applied a 3x multiplier for statutory damages (thus awarding $45,000.00 in statutory damages). Plaintiff submits that the well-reasoned opinion in Diverse New Media Corp. should be followed here.

### 2. *Statutory Damages*

Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." In calculating statutory damages, courts will generally look to a plaintiff's actual damages and award 2x – 5x to properly account for statutory damages. See, e.g., Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) (trebling the plaintiff's actual damages after applying a scarcity multiplier); Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16-17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing

fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees.  As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent."); Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); Broad. Music, Inc. v. George Moore Enters., Inc., 184 F. Supp. 3d 166, 171-72 (W.D. Pa. Apr. 25, 2016) ("Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions.").

Because statutory damages for non-willful infringement are capped at $30,000.00, Plaintiff submits that an award of $30,000.00 (representing actual damages of $15,000.00 x 2) are appropriate here.  Although a higher multiplier could be applied at trial (if willfulness is found), Plaintiff believes the $30,000.00 is both fair to compensate him for Defendant's use of the Work and a sufficient deterrent.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court enter an Order: (a) granting final summary judgment in favor of Plaintiff; (b) awarding Plaintiff $30,000.00 in statutory damages and (b) for such further relief as the Court deems proper.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

                                                        Respectfully submitted,

Dated: November 6, 2023.           COPYCAT LEGAL PLLC
                                                3111 N. University Drive
                                                Suite 301
                                                Coral Springs, FL 33065
                                                Telephone: (877) 437-6228
                                                dan@copycatlegal.com

                                                By: /s/ Daniel DeSouza____
                                                     Daniel DeSouza, Esq.
                                                     Florida Bar No. 19291


## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                                                By: /s/ Daniel DeSouza____
                                                   Daniel DeSouza, Esq.